CLARKSON, J., dissenting.
This is a controversy without action submitted to the court on a statement of facts agreed. C. S., 626.
The plaintiffs contend that by virtue of the provisions of chapter 40, Public Laws of North Carolina, 1929, each of the counties of this State is entitled to a certain percentage of the sums of money now in the hands of the defendant, John P. Steadman, Treasurer of the State of North Carolina, and subject to vouchers issued by the defendant, North Carolina State Highway Commission, which were collected and paid to said Treasurer by the Commissioner of Revenue of North Carolina, since 1 July, 1931, by reason of the tax levied under the laws of this State, of one cent per gallon on all motor fuels sold, distributed and/or used therein, prior to 1 July, 1931.
The plaintiffs further contend that by virtue of the provisions of said chapter 40, Public Laws of North Carolina, 1929, it is the duty of the State Highway Commission to issue and of the State Treasurer to pay vouchers for the percentages of said sums of money to which the plaintiffs are entitled, respectively.
The defendants contend that chapter 40, Public Laws of North Carolina, 1929, was repealed by chapter 145, Public Laws of North Carolina, 1931, and that by reason of such repeal, none of its provisions has been in force or effect since 1 July, 1931.
The defendants, therefore, contend that plaintiffs are not entitled to any part of the sums of money now in the hands of the State Treasurer, subject to vouchers issued by the State Highway Commission, which were collected and paid to the said Treasurer by the Commissioner of Revenue of North Carolina, after 1 July, 1931, by reason of the tax on motor fuels which were sold, distributed and/or used in this State, prior to said date.
It is agreed that the defendant, North Carolina State Highway Commission, has issued vouchers to the several counties of the State, including the plaintiffs, for all sums of money to which they were entitled under the provisions of chapter 40, Public Laws of 1929, which were collected and paid to the State Treasurer by the Commissioner of *Page 435 
Revenue of North Carolina, prior to 1 July, 1931. The only sums of money therefore, which are involved in this controversy are those which were collected and paid to the State Treasurer, after 1 July, 1931, by reason of the tax on motor fuels levied under the laws of this State.
It is further agreed that if the plaintiffs are entitled to the percentages of the sums of money involved in this controversy, as contended by them, then such sums as are due to the plaintiffs, respectively, shall be paid by the defendant, John P. Steadman, Treasurer of the State of North Carolina, on vouchers which shall be issued by the defendant, State Highway Commission, to the holders of certain bonds issued by the plaintiffs for road improvements, which are now outstanding.
The cause was heard on the facts agreed. It was adjudged, decreed and ordered by the court as follows:
"That the plaintiffs counties are entitled to receive the gasoline tax at the rate of one cent (1c) per gallon on such motor fuels as were sold, distributed and/or used in this State prior to 1 July, 1931, and on which said tax was not actually collected and received by the State Treasurer until or after 1 July, 1931, and that plaintiffs counties are entitled to have paid on bonds and interest heretofore issued by said counties for road improvements the following percentages of said fund, to wit:
 Beaufort County ........... 1.467% of the total for the State. Ashe County ............... .844% of the total for the State. Bertie County ............. 1.190% of the total for the State. Chowan County ............. .378% of the total for the State. Iredell County ............ 1.345% of the total for the State. Martin County ............. .875% of the total for the State. Washington County ......... .559% of the total for the State.
And it is further ordered, adjudged and decreed that the said percentages of the said fund shall be paid over by the defendants to the holders of the bonds and coupons heretofore issued by the said counties for road improvements."
From this judgment, the defendants appealed to the Supreme Court.
Chapter 40, Public Laws of North Carolina, 1929, is entitled "An act to amend chapter 93 of the Public Laws of 1927, so as to levy an additional tax of one cent per gallon on gasoline and relieve the counties by aid from the State Highway Commission." This act became effective as to all its provisions, according to its terms, on 1 April, 1929. It continued in full force and effect until its repeal by chapter 145, Public Laws of 1931. By virtue of such repeal, none of its provisions has been in force and effect since 1 July, 1931. No tax on motor fuels sold, distributed and/or used in this State has been levied under its provisions since 1 April, 1931. All sums of money collected under its provisions, and allocated to the "County Aid Road Fund," created under the act, have been paid to the several counties of the State. The sums now in controversy were collected and paid to the State Treasurer, after 1 July, 1931, under the provisions of chapter 145, Public Laws, 1931, which became effective on 1 April, 1931.
Section 39 of chapter 145, Public Laws of 1931, contains the following provision:
"That all laws and clauses of laws in conflict with the provisions of this act to the extent of such conflict, and especially chapter 40, Public Laws of 1929, are hereby repealed; Provided, however, that sections three to six inclusive of said chapter 40, Public Laws of 1929, shall remain operative until 1 July, 1931."
As all the provisions of chapter 40, Public Laws of 1929, have been repealed, and none of said provisions were operative on or after 1 July, 1931, plaintiffs are not entitled to any sums of money now in the hands of the State Treasurer, subject to vouchers issued by the State Highway Commission which have been collected and paid to said Treasurer by the Commissioner of Revenue of North Carolina, since 1 July, 1931. The judgment is, therefore,
Reversed.